CAUSE NO. 202017840

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 881697  TRACKING NO: 73735998

| | |
|---|---|
| Plaintiff:<br>DEHART, CODY<br>vs.<br>Defendant:<br>AMICA MUTUAL INSURANCE COMPANY | In The 127th<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

To: AMICA MUTUAL INSURANCE COMPANY (FOR PROFIT CORPORATION) MAY BE SERVED THROUGH ITS REGISTERED AGENT CORPORATION SERVICE COMPANY DBA CSC LAWYERS INCORPORATING SERVICE COMPANY
OR WHEREVER IT MAY BE FOUND
211 EAST 7TH STREET SUUITE 620, AUSTIN TX 78701

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DECLARATORY RELIEF, AND DISCOVERY REQUESTS

This instrument was filed on March 17, 2020 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.

This citation was issued on April 2, 2020, under my hand and seal of said court.

Issued at the request of:

HERBERT, KYLE CHRISTOPHER
3411 RICHMOND AVE., SUITE 400
HOUSTON, TX 77046
713-987-7100
Bar Number: 24043724



Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: NELSON CUERO

04/08/2020

EXHIBIT 3

Tracking Number: 73735998

## CAUSE NUMBER: 202017840

| | |
|---|---|
| PLAINTIFF: DEHART, CODY <br> vs. <br> DEFENDANT: AMICA MUTUAL INSURANCE COMPANY | In the 127th <br> Judicial District Court of <br> Harris County, Texas |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at **11:40** o'clock **P**. M. on the **07** day of **April**, 20 **20**. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____ defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20.

Fees $_____

_____          By_____
          Affiant                                              Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

EXHIBIT 3

3/17/2020 3:46 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41736299
By: Monica Jackson
Filed: 3/17/2020 3:46 PM

CAUSE NO. _____

| | | |
|---|---|---|
| CODY DEHART,<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | |
| AMICA MUTUAL<br>INSURANCE COMPANY,<br>*Defendant.* | §<br>§<br>§<br>§ | HARRIS COUTY, TEXAS<br><br>_____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DECLARATORY RELIEF, AND DISCOVERY REQUESTS

TO THE HONORABLE JUGE OF SAID COURT:

COMES NOW, Plaintiff, Cody DeHart, and files this Original Petition, Request for Declaratory Relief, and Discovery Requests against Defendant, Amica Mutual Insurance Company, and would respectfully show the following:

### DISCOVERY LEVEL

1. Plaintiff intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure.

### PARTIES

2. Plaintiff, Cody DeHart ("Plaintiff") is a resident of the State of Texas.

3. Defendant, Amica Mutual Insurance Company ("Defendant"), is a for profit corporation authorized to do business in the State of Texas which may be served with process by and through its registered agent, Corporation Service Company d/b/a CSC- Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701, or wherever it may be found.

### MISNOMER / ALTER EGO

EXHIBIT 3

4. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, if applicable, Plaintiff contends that any "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## JURISDICTION AND VENUE

5. Damages sought are within the jurisdictional limits of this Court.

6. This court has subject matter jurisdiction over this lawsuit. Plaintiff's claims involve Texas statutory and common law. This Court also has subject matter jurisdiction to issue a declaratory judgment under Chapter 37 of the Texas Civil Practice and Remedies Code. This Court has jurisdiction over Defendant because Defendant has in the past and continues to do business in Texas, has continuing contacts with the State, and is amenable to service in the State of Texas. The amount in controversy exceeds the minimal jurisdictional limits of the Court.

7. This Court is the proper venue to hear this lawsuit pursuant to Tex. Civ. Prac. & Rem. § 15.002, because all or a substantial part of the events making the basis of this lawsuit occurred in Harris County, Texas.

## RULE 47 STATEMENT

8. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

## FACTS

9. On or about March 14, 2017, Plaintiff was involved in a motor vehicle collision caused by an underinsured motorist.

10. As a result of the collision, Plaintiff suffered severe injuries and damages.

EXHIBIT 3

11. Plaintiff had an un/underinsured motorist policy (no. 98014229AX) with Defendant on the date of the collision. The policy carries $50,000 in un/underinsured motorist coverage. At all relevant times, Plaintiff was the named insured covered under the policy with Defendant.

## CAUSE OF ACTION: BREACH OF CONTRACT

12. Defendant issued an insurance policy to Plaintiff, which was in full force and effect at the time of the occurrence in question and provided uninsured and underinsured motorist coverage benefits for Plaintiff.

13. The party at-fault in the collision is an underinsured motorist.

14. Plaintiff was a covered person and insured individual under her policy at the time of the occurrence in question and sustained injuries.

15. Therefore, Plaintiff is entitled to recover benefits provided under the policy.

16. Defendant agreed to provide Plaintiff underinsured motorist coverage.

17. Defendant breached this agreement.

18. As a proximate cause of Defendant's breach, Plaintiff has suffered damages.

19. All conditions precedent to Plaintiff's claim for relief have occurred, have been performed, or have been waived.

## CAUSE OF ACTION: DECLARATORY JUDGMENT

20. Plaintiff seeks from the Court a Declaratory Judgment determining his rights under the automobile insurance policy with Defendant that was in effect on March 14, 2017, for which he has continuously paid Defendant premiums throughout the life of the policy.

21. At the time of the collision, Plaintiff was the named beneficiary of an uninsured/underinsured motorist contract with Defendant. Plaintiff suffered significant personal

EXHIBIT 3

injuries and related damages due to the collision making the basis of this lawsuit, caused by the negligence of an underinsured motorist for the purposes of the UM/UIM policy.

22. Pursuant to Tex. Civ. Prac. & Rem. Code Chapter 37, Plaintiff seeks a Declaratory Judgment establishing the parties' relative rights and responsibilities under the UM/UIM Insurance Contract, including:

   a. Plaintiff's status as a beneficiary under the relevant UM/UIM policy;

   b. That Plaintiff has satisfied all conditions precedent under the UM/UIM policy;

   c. The driver's status as an underinsured motorist under the relevant UM/UIM policy;

   d. The negligence of the underinsured driver in causing the collision making the basis of this lawsuit; and

   e. Plaintiff's damages were proximately caused by the underinsured driver's negligence.

23. In the alternative, Plaintiff seeks judgment for breach of contract for the uninsured driver's failure to pay damages pursuant to the UM/UIM contract.

## DAMAGES

24. Plaintiff suffered the following damages and asks to be fairly and reasonably compensated for each:

   a. The amount of reasonable medical expenses Plaintiff has incurred in the past, and those that he will reasonably incur in the future;

   b. The physical pain and suffering Plaintiff has suffered in the past and will continue to suffer in the future;

   c. The mental anguish Plaintiff has suffered in the past and will continue to suffer in the future;

   d. The loss of enjoyment of life Plaintiff has suffered in the past and will continue to suffer in the future;

EXHIBIT 3

    e.    The physical disfigurement Plaintiff has suffered in the past and will continue to suffer in the future;

    f.    The physical impairment Plaintiff has suffered in the past and will continue to suffer in the future;

    g.    The loss of opportunity Plaintiff has suffered in the past and will continue to suffer in the future;

    h.    The loss of any earning sustained by Plaintiff has suffered in the past, and the loss of reduction of Plaintiffs' earning capacity in the future; and

    i.    Any lost wages.

25.    Pursuant to Tex. R. Civ. P. 47, Plaintiff seeks a declaratory judgment establishing his rights under the relevant un/underinsured motorist policy. Specifically, Plaintiff seeks judgment declaring his entitlement to the $250,000.00 allowed to her under the un/underinsured motorist policy and attorney's fees and litigation costs pursuant to Tex. Civ. Prac. & Rem. Code § 37.009.

26.    Additionally, Plaintiff is entitled to recover its reasonable and necessary attorney's fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code, because this is a suit for breach of a written contract and suit on a sworn account. Plaintiff retained counsel, who presented Plaintiff's claim to Defendants. Defendants did not tender the amount owed within 30 days after the claim was presented.

## RULE 193.7 NOTICE

27.    Pursuant to 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant producing the documents at any pretrial proceedings and/or trial of this matter without the necessity of authenticating documents.

## REQUESTS FOR DISCLOSURE

EXHIBIT 3

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is to disclose the information and material described in Rule 194.2 within fifty (50) days of service of this request.

## DISCOVERY TO DEFENDANT

Plaintiff serves, contemporaneous with this suit, discovery requests to Defendant. Such requests shall be due within fifty (50) days of service of this pleading and are attached to this Petition.

## CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, for the above reasons, Plaintiff prays he obtains judgment against Defendant with interest on the judgment at the legal rate, pre-judgment interest, cost of court and for such other relief, both in law and equity, to which Plaintiff may show he is justly entitled. Plaintiff prays that Defendant be cited according to the law to appear and answer herein, and that upon a final trial of the cause, Plaintiff have judgment against Defendant declaring as follows:

    a. Plaintiff's entitlement to un/underinsured motorist benefits under the applicable Insurance Policy with Defendant;

    b. That Defendant is obligated to pay the amount identified in the declaratory within fifteen (15) days of entry of the declaratory judgment;

    c. An award of attorney's fees and costs pursuant to Tex. Civ. Prac. & Rem. Code § 37.009 chapter 38; and

    d. Any other relief the Court deems just and proper under the circumstances.

Respectfully submitted,

HERBERT LAW FIRM, PLLC

/s/ Kyle C. Herbert
Kyle C. Herbert
Texas Bar No. 24043724
Rachel E. Berkley
Texas Bar No. 24082684

EXHIBIT 3

3411 Richmond Avenue, Suite 400
Houston, Texas 77046
Phone  (713) 987-7100
Fax      (713) 987-7120
kyle@herberttrial.com
rachel@herberttrial.com
**ATTORNEYS FOR PLAINTIFF**

EXHIBIT 3

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

**INTERROGATORY NO. 1:** If Defendant claims its name has not been correctly stated in this lawsuit or that Defendant is not liable in the capacity in which it has been sued, please provide Defendant's correct legal name and the capacity, if any, which Defendant contends it should have been named in this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 2:** If Defendant contends that Plaintiff did not comply with any provisions of The Insurance Policy to bring this lawsuit against Defendant, specifically identify each provision of The Insurance Policy, and state the basis of such contention.

**ANSWER:**

**INTERROGATORY NO. 3:** If Defendant contends that The Insurance Policy had been cancelled or for any other reason was not in force and in effect at the time of the collision which forms the basis of this lawsuit or that Defendant has a basis to contest coverage of Plaintiff's claims which form the basis of this lawsuit, please state the basis of such contention and specifically identify each portion of The Insurance Policy, if any, under which Defendant is contesting coverage.

**ANSWER:**

**INTERROGATORY NO. 4:** If Defendant contends that Plaintiff was not an underinsured or uninsured motorist at the time of the auto accident which forms the basis of this lawsuit, please provide the following information:

   A. Identify each liability bond and/or insurance policies which may provide liability coverage to Plaintiff by stating the name, address, telephone number of each insurer/bond company which may insure or bond Plaintiff for any damages sustained by Plaintiff in the collision which forms the basis of this lawsuit and include the policy number, claim number, and amount of coverage you contend is available under each such policy.

   B. Provide any additional factual basis for your contentions, if any, that Plaintiff does not qualify as an "underinsured or uninsured motorist."

**ANSWER:**

**INTERROGATORY NO. 5:** Please state the date in which Defendant contends it reasonably anticipated litigation in this matter, and provide a brief, general description of the reason(s) why Defendant contends it reasonably anticipated litigation in this matter on such date.

**ANSWER:**

**INTERROGATORY NO. 6:** Provide a brief, general explanation of Defendant's contentions of how the collision in question occurred.

EXHIBIT 3

(Include in your explanation, your understanding of each person and/or factor you contend is legally responsible for causing the occurrence and a brief, general statement of facts of why you contend such person(s) or factor(s) caused or contributed to the cause of the collision.)

**ANSWER:**

**INTERROGATORY NO. 7:** If Defendant contends that the incident in question was an "unavoidable accident" or a result of a "sudden emergency" as those terms are defined by Texas law, identify the basis of your contentions of each such claim.

**ANSWER:**

**INTERROGATORY NO. 8:** If Defendant contends that any person involved in the collision was under the influence of any drug or alcoholic substance at the time of the collision, please identify each such individual you contend was under the influence and state generally the reasons why you believe such person(s) were under the influence of a drug or alcoholic substance.

**ANSWER:**

**INTERROGATORY NO. 9:** In addition to any witness statements which have been requested by Plaintiff pursuant to a Request for Disclosure under Rule 194.2(i) of the Texas Rules of Civil Procedure, please describe any other statements which Defendant claims Plaintiff has made that you contend are relevant to this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 10:** Identify all witnesses to the collision which forms the basis of this lawsuit of which Defendant is aware.

**ANSWER:**

**INTERROGATORY NO. 11:** If Defendant or its representatives have obtained copies of Plaintiff's employment records, medical records, or insurance records other than the records provided by Plaintiff to Defendant or its representatives, please identify the name of each employer, medical provider, and insurer from whom such records were obtained and the date such records were obtained.

**ANSWER:**

**INTERROGATORY NO. 12:** Provide a brief, general explanation of Defendant's contentions of the injuries, if any, which Defendant contends that Plaintiff sustained as a result of the collision which forms the basis of this lawsuit. If the Defendant contends that Plaintiff was not injured at all, then state "none" in your answer to indicate your contention.

**ANSWER:**

**INTERROGATORY NO. 13:** With regard to each vehicle involved in the collision which forms the basis of this lawsuit, please state the following:

EXHIBIT 3

A. Describe generally the areas and extent of damage;

B. State the amount of money Defendant contends it cost or would fairly and reasonably cost to repair the vehicle and the diminished fair market value of each such vehicle; and

C. Are you aware of any photographs taken of the damage to each of the vehicles involved in the auto accident?

ANSWER:

**INTERROGATORY NO. 14:** For each element of damage listed below, please state the amount, if any, of compensation Defendant contends would fairly and reasonably compensate Plaintiff for the injuries sustained as a result of the collision which forms the underlying basis of this lawsuit.

ANSWER:

a) Reasonable expenses of necessary medical care in the past: _____

b) Loss of earning capacity in the past: _____

c) Physical pain and suffering and mental anguish in the past: _____

d) Physical impairment in the past: _____

e) Physical disfigurement in the past: _____

**INTERROGATORY NO. 15:** In addition to the damages, if any, listed by Defendant in answering the previous Interrogatory, do you acknowledge that The Insurance Policy will also pay Plaintiff's damages, if any, that will, in reasonable probability, be incurred in the future which are related to the collision which forms the underlying basis of this lawsuit.

If your answer is "Yes," for each element of damage listed below please state the amount, if any, of compensation Defendant contends Plaintiff will, in reasonable probability incur in the future which are related to the collision which forms the underlying basis of this lawsuit.

ANSWER:

a) Reasonable expenses of necessary medical care in the future: _____

b) Loss of earning capacity in the future: _____

c) Physical pain and suffering and mental anguish in the future: _____

d) Physical impairment in the future: _____

e) Physical disfigurement in the future: _____

**INTERROGATORY NO. 16:** If Defendant contends that the injuries or damages alleged by Plaintiff were caused, in whole or in part, by an event other than the collision which forms the

EXHIBIT 3

basis of this lawsuit, please identify each such alleged event by date and generally describe each such event or occurrence by category such as "Motor Vehicle Accident;" "Slip and Fall;" "Trip and Fall;" "On-The-Job Injury" or other general category of incident or description.

    **ANSWER:**

**INTERROGATORY NO. 17:** Describe all agreements between Defendant and Plaintiff in this action.

    **ANSWER:**

**INTERROGATORY NO. 18:** If Defendant or Defendant's counsel now or hereafter alleges, believes, or contends that any expert witness designated by Plaintiff does not possess the training, experience, or expertise to testify concerning the subject or field of study in which he or she has been designated an expert, then state the following:

    a.    The name of each such witness;

    b.    In what manner or respect Defendant alleges, believes, or contends that he or she does not have the expertise to testify concerning the subject or field of study in which he or she has been designated.

    **ANSWER:**

**INTERROGATORY NO. 19:** If Defendant or Defendant's counsel now or hereafter alleges, believes, or contends that any opinion expressed by any expert witness designated by Plaintiff does not have a sufficient basis in the facts or data of the case, or any opinion is not the product of reliable principles or methods, or that any expert witness designated by Plaintiff has not reliably applied any principles or methods to the facts of the case, including any analytical gap, then for any such opinion state the following:

    a.    The name of each witness offering such opinion;

    b.    A general statement of such opinion; and

    c.    In what manner defendants contends that the opinion does not have a sufficient basis in the facts or data of the case, or that any opinion is not the product of reliable principles or methods, or that any expert witness designated by Plaintiff has not reliably applied any principles or methods to the facts of the case including any analytical gap.

    **ANSWER:**

**INTERROGATORY NO. 20:** If Defendant or Defendant's counsel now or hereafter alleges, believes, or contends that any of the "health care" (defined below) received by Plaintiff after the incident was either not medically necessary or that the charges therefor were not reasonable in amount, then state:

EXHIBIT 3

a. the date of any such treatment;

b. the name of the provider; and

c. the name of any person licensed in the healing arts who has said or written that any such treatment was not medically necessary or that the charges therefor were not reasonable in amount.

(For the purposes of this interrogatory, the "health care" inquired about is the treatment which is reflected in any medical record or bill previously or hereafter sent to Defendant, or Defendant's insurance carrier or counsel, or which is reflected in any medical record or bill previously or hereafter filed with the Court during this lawsuit.)

**ANSWER:**

**INTERROGATORY NO. 21:** Please describe fully any and all investigations of the incident made the basis of this lawsuit (other than those that are privileged by law) including who conducted the investigation, when the investigation was conducted and the results, findings, or conclusions of said investigation.

**INTERROGATORY NO. 22:** Please state the names of all treating physicians, doctors, medical practitioners, and medical facilities for which Defendant has acquired medical and/or billing records pertaining to Plaintiff.

**ANSWER:**

EXHIBIT 3

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION DEFENDANT

**REQUEST FOR PRODUCTION 1:** A copy of the entire claims file and/or adjuster logs, including but not limited to, photographs, statements, notes, memorandums, tables, computer generated information and other written documents contained therein, which were generated in connection with the injury to Plaintiff that forms the basis of the above-captioned lawsuit.

**REQUEST FOR PRODUCTION 2:** Please furnish a copy of written or other documentation of the investigation of the underlying collision in question.

**REQUEST FOR PRODUCTION 3:** Please provide photographs, motion pictures, videotape, maps, drawings, charts, diagrams, measurements, surveys or other documents concerning the events and happenings made the basis of this lawsuit, the vehicles in question, the scene of the collision, or the area, persons or objects involved, either made at the time of, or after the time of the events in question.

**REQUEST FOR PRODUCTION 4:** Provide complete and unaltered copies of correspondence, memoranda, reports, e-mails, facsimile transmissions, and all other documents evidencing communications between Defendant and its: 1) adjusters; 2) employees; 3) officers; 4) agents; 5) representatives; 6) independent adjusters; and/or 7) independent adjusting firms, that relate or pertain to the insurance claim(s) involved in this litigation.

**REQUEST FOR PRODUCTION 5:** Investigative reports relating to the incident in question, including documents, memoranda, photographs, videotapes, movies, statements, reports, drawings, communications, and tangible things attached to such reports, or referred to therein, which were generated or obtained by or on behalf of the Defendant before a reasonable person would have concluded from the circumstances that there was a substantial chance of litigation, or which were generated or obtained by or on behalf of the Defendant in the ordinary course of business.

**REQUEST FOR PRODUCTION 6:** Please provide copies of work papers, notes, documents in the file of an expert witness you may call to testify on behalf of Defendant.

**REQUEST FOR PRODUCTION 7:** Please provide written or other documentation concerning factual observations, tests, supporting data, calculations, photographs and opinions of each consulting expert witness who will not be called to testify but whose opinions or impressions have been reviewed by an expert who may be called to testify, including but not limited to any reports prepared by or under the direction of such person, including any recording or transcripts thereof of any oral report.

EXHIBIT 3

For Requests 8-13 "<u>Consulting Expert</u>" means any expert who has been informally consulted, retained, or specially employed by you, or by any other Defendant, in anticipation of litigation or preparation for trial or deposition, but who will not be called to testify, whose opinions and/or mental impressions, including any documents, tangible things, test results, factual observations, data, or work product containing such mental impressions and opinions, have been reviewed by a testifying expert. "<u>Consulting Expert</u>" does <u>not</u> include an expert who has been informally consulted, retained, or specially employed by you in anticipation of litigation or preparation for trial or deposition who will not be called to testify, whose opinions and/or mental impressions have <u>not</u> been reviewed by a testifying expert.

**REQUEST FOR PRODUCTION 8**: Documents and tangible things including reports, physical models, compilations of data, factual observations, tests, test results, supporting data, calculations, photographs, video tapes, maps, sketches, measurements, and other material in any form whatsoever, <u>prepared by</u>, reviewed by, and/or relied upon by each consulting expert.

**REQUEST FOR PRODUCTION 9**: Documents and tangible things including reports, physical models, compilations of data, factual observations, tests, test results, supporting data, calculations, photographs, video tapes, maps, sketches, measurements, and other material in any form whatsoever, <u>prepared for</u>, reviewed by, and/or relied upon by each consulting expert.

**REQUEST FOR PRODUCTION 10**: A recent resume or curriculum vitae for each and every consulting expert.

**REQUEST FOR PRODUCTION 11**: A bibliography for each and every consulting expert.

**REQUEST FOR PRODUCTION 12**: Letters, correspondence, documents, and tangible things exchanged between you, as that term is defined herein above, and each consulting expert which contain any compilations of data, factual observations, tests, test results, supporting data, calculations, photographs, video tapes, maps, sketches, measurements, and other information in any form whatsoever, relating to the scene of the incident, the cause of the incident, the items or facilities involved in the incident, persons witnessing the incident, and persons which were involved or near the scene of the incident.

**REQUEST FOR PRODUCTION 13**: Reports, in any form whatsoever, from each and every consulting expert who participated in the evaluation of Plaintiff's uninsured motorist claim made the subject of this lawsuit.

**REQUEST FOR PRODUCTION 14**: A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the incident including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you to Plaintiff.

**REQUEST FOR PRODUCTION 15**: Copies of documents and testimony Defendant has obtained through the use of depositions upon written questions, or by use of an authorization furnished to Defendant by Plaintiff.

EXHIBIT 3

**REQUEST FOR PRODUCTION 16**: Documents, records, reports, notations, or memoranda regarding the Plaintiff from persons or entities that compile claim information, insurance claims, and worker's-compensation claims, specifically including the Southwest Index Bureau and all similar persons or entities.

**REQUEST FOR PRODUCTION 17**: Written documents, including police reports and/or accident reconstructions describing the investigation of the subject incident conducted by any person, including Defendant prior to the time suit was filed.

**REQUEST FOR PRODUCTION 18**: Peer reviews, audits, medical summaries, memoranda, notes, letters, and other documents relating to the medical records Plaintiff has submitted for payment under the policy and/or injuries claimed by the Plaintiff in this case.

**REQUEST FOR PRODUCTION 19**: Documents relating to the amount(s) set aside and/or placed in reserve regarding Plaintiff's bodily injury claim in this case.

**REQUEST FOR PRODUCTION 20**: Documents relating to any and all notices you received from Plaintiff regarding the incident made the basis of this lawsuit.

**REQUEST FOR PRODUCTION 21**: Documents relating to and/or identifying Defendant's evaluation of the monetary value of Plaintiff's bodily injury claim, UM/UIM claim, in this case.

**REQUEST FOR PRODUCTION 22**: Records of every telephone conversation regarding Plaintiff.

**REQUEST FOR PRODUCTION 23**: Liability work-ups or reports relating to Plaintiff's claims.

**REQUEST FOR PRODUCTION 24**: Documents relating to your use of computer programs (including, but not limited to, COLOSSUS) in reviewing and/or evaluating claims of injury in motor vehicle accidents and collisions.

**REQUEST FOR PRODUCTION 25**: Documents relating to your use of computer programs (including, but not limited to, COLOSSUS) in reviewing and/or evaluating Plaintiff's claims of injury in the underlying motor vehicle collision that forms the basis of this suit.

**REQUEST FOR PRODUCTION 26**: Documents, including but not limited to, books and manuals, used by your employees to assist in their evaluation of automobile accident and collision bodily injury claims.

**REQUEST FOR PRODUCTION 27**: Documents, including but not limited to, books and manuals, used by your employees to assist in their evaluation of underinsured motorist claims.

**REQUEST FOR PRODUCTION 28**: Records, reports, statements or data compilations you contend are a public record or report under Rule 803(8) of the Federal Rules of Evidence. This request does not refer to records, reports, statements or other data compilations which have no

EXHIBIT 3

bearing on any issue in this case.

**REQUEST FOR PRODUCTION 29**: Complete and legible photocopies or audible recordings of any written or oral statement you or anyone acting on your behalf has obtained from Plaintiff.

**REQUEST FOR PRODUCTION 30**: Documents relating to any settlement, deal, agreement or any other understanding of any kind (verbal, written or otherwise) which you or your attorney or anyone else acting on your behalf have made with any other person or party with respect to this lawsuit.

**REQUEST FOR PRODUCTION 31**: Documents which support criminal records of any party or witness which you contend are relevant impeachment evidence.

**REQUEST FOR PRODUCTION 32**: Reports from each and every expert you have employed or consulted in connection with this litigation (excluding only those you positively aver were employed for consultation purposes and who will not be called to testify herein) reflecting said experts' factual observations, tests, supporting data, calculations, photographs and/or opinions.

**REQUEST FOR PRODUCTION 33**: A copy of all insuring agreements relating to Plaintiff.

**REQUEST FOR PRODUCTION 34**: A complete copy of the automobile insurance policy in effect on April 7, 2018 covering Plaintiff's automobile involved in the motor vehicle collision made the basis of this suit.

**REQUEST FOR PRODUCTION 35**: All reports, memoranda, or other documents related to your evaluation of Plaintiff's claim for benefits relating to any other claims Plaintiff has made.

**REQUEST FOR PRODUCTION 36**: All documents relating to any initial determination, temporary determination, tentative determination, or final determination, as to whether or not any claims made by Plaintiff were payable or not payable.

**REQUEST FOR PRODUCTION 37**: Copies of any personal notes, documents, or memoranda relating to Plaintiff.

**REQUEST FOR PRODUCTION 38**: All documents relating to the amount of any loss reserves that you have established, set aside, or reported relating to any of the claims in this lawsuit.

**REQUEST FOR PRODUCTION 39**: Copies of correspondence, communications and/or documents sent to or received from, or exchanged by and between you and Plaintiff, agents, employees, or representatives concerning the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION 40**: Copies of any payments made by Defendant or any other insurance company regarding any claims related to Plaintiff's motor vehicle collision made the basis of this suit.

**REQUEST FOR PRODUCTION 41**: Any and all treatises, periodicals and pamphlets that you

EXHIBIT 3

may offer or use in the trial of this case under Rule 803 (18) of the Federal Rules of Evidence.

**REQUEST FOR PRODUCTION 42:** Please produce any documents that support your contentions or responses contained in your responses to any of the interrogatories of Plaintiff's First set of interrogatories to Defendant.

**REQUEST FOR PRODUCTION 43:** Please produce any and all medical and billing records in Defendant's possession pertaining to Plaintiff.

**REQUEST FOR PRODUCTION 44:** Please produce any and all investigation material Defendant has acquired on Plaintiff, including but not limited to photos, background checks, driving records, surveillance, internet searches, social media searches, and private investigator searches.

EXHIBIT 3